UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEA CHANGE INTERNATIONAL, INC.      )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )  CIVIL ACTION NO. 07-CIV-9705
                                    )
FEDERAL EXPRESS COMPANY.            )
                                    )
        Defendant.                  )

**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES**

NOW COMES DEFENDANT, Federal Express Corporation ("FedEx"), improperly pled by Plaintiff Sea Change International, Inc. ("Plaintiff") as Federal Express Company, by and through its attorneys, in answering Plaintiff's Verified Complaint ("Complaint"), states as follows:

1. Paragraph 1 states legal conclusions to which no response is required.

2. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies said allegations and demands strict proof thereof.

3. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies said allegations and demands strict proof thereof.

4. FedEx avers only that it is a Delaware corporation with its principal place of business located at 942 South Shady Grove, Memphis, Tennessee 38120. FedEx denies the remaining allegations as phrased contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint is admitted.

## COUNT I

6. FedEx admits only that two shipments traveling under FedEx Express airway bill tracking numbers 855030720285 and 855030720274 were shipped pursuant to the terms and conditions of the contracts of carriage, including the airway bills and applicable FedEx Service Guide, from Phoenix, Arizona to Greenville, New Hampshire on or about November 2, 2005. Upon information and belief, the shipments contained computer equipment. FedEx denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. FedEx denies the allegations contained in Paragraph 7 of the Complaint.

8. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies said allegations and demands strict proof thereof.

9. FedEx denies the allegations contained in Paragraph 9 of the Complaint.

## COUNT II

10. FedEx adopts and realleges, as though fully set forth herein, its responses to each and every allegation contained in Paragraphs 1 through 9 of Plaintiff's Complaint.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, Paragraph 11 is denied.

12. FedEx denies the allegations contained in Paragraph 12 of the Complaint.

13. FedEx denies the allegations contained in Paragraph 13 of the Complaint.

14. The remaining allegations constitute a demand for relief and FedEx denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

15. Each and every allegation contained in the Complaint not heretofore admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the contract of carriage as evidenced by the language found on the FedEx airbill which accompanied the shipments at issue and by the terms and conditions of the applicable FedEx Service Guide incorporated therein by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims, if any, are preempted by the federal common law applicable to federally certificated air carriers and by 49 U.S.C. §41713.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 13506(a)(8)(B).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or limited by its own negligence, or the negligence of its agents, employees, or representatives, or other parties over whom FedEx had no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or limited by its own breach of contract, or the breach of contract of its agents, employees or representatives.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own assumption of risk or the assumption of risk by its agents, employees, or representatives.

## EIGHTH AFFIRMATIVE DEFENSE

FedEx alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or limited by its failure to perform all conditions precedent to recovery as required by the contract of carriage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by its failure to file a timely legal action against FedEx pursuant to the terms and conditions of the contract(s) of carriage.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims alleged in the Complaint against FedEx.

## TWELFTH AFFIRMATIVE DEFENSE

FedEx reserves the right to assert other defenses as discovery proceeds.

4

**WHEREFORE**, FedEx respectfully requests that judgment dismissing the Complaint filed herein, together with the costs and disbursements of this action and such other relief which the Court deems just and appropriate.

**DATED:** January 3, 2008.

Respectfully submitted,

NEWMAN FITCH ALTHEIM MYERS, P.C.

_____
Olivia M. Gross, Esq. [OMG 6008]
14 Wall Street, 22nd Floor
New York, NY 10005
Telephone: (212) 619-4350
Fax: (212) 619-3622

Of Counsel:

Edward L. Stanton, III, Esq.
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8338
Fax: (901) 434-4523
Attorneys for Defendant
Federal Express Corporation

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Answer was served via first class mail service, this 3rdday of January, 2008 to:

> Patrick J. Corbett, Esq.
> RUBIN, FIORELLA & FRIEDMAN LLP
> 292 Madison Avenue
> New York, New York 10017

_____
Olivia M. Gross, Esq.

710263